Frank R. SPENCER and Gary L. Richardson, Plaintiffs,

v.

Michael T. KIRKPATRICK and Gilbert B. Harrison, Defendants,

v.

UNITED STATES of America, Additional Defendant on Counterclaim.

No. Civ–92–2292–W.

United States District Court, W.D. Oklahoma.

Jan. 26, 1995.

James W. Swank, Baum & Shores, John E. Patterson, Jr., Oklahoma City, OK, for Frank R. Spencer, Gary L. Richardson.

James C. Prince, Hartzog Conger Cason & Hargis, Oklahoma City, OK, for Michael T. Kirkpatrick, Gilbert B. Harrison.

Dennis M. Duffy, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

## ORDER

LEE R. WEST, District Judge.

This matter comes before the Court on the Motion to Exempt Funds filed by plaintiff Frank R. Spencer. The United States of America not only responded in opposition to the plaintiff's motion but also filed a Motion for Summary Judgment. The Court has reviewed each motion and having done so, makes its determination.

In June 1991, Spencer invested $65,000.00 in a car dealership owned by defendants Michael T. Kirkpatrick and Gilbert B. Harrison. On October 22, 1991, Spencer and the defendants sold the dealership to a third party. At the time of the sale, the defendants agreed to pay Spencer $65,000.00 and Spencer agreed to accept a promissory note from the defendants in the principal sum of $65,000.00 in payment of this obligation. According to the terms of the promissory note, the defendants agreed to pay Spencer the sum of $65,000.00, plus interest, no later than June 22, 1992.

On March 6, 1992, Spencer retained attorney Gary L. Richardson to represent him (Spencer), if necessary, in connection with an ongoing criminal investigation. Spencer assigned $50,000.00 of the amount due under the promissory note to Richardson in payment for any and all future legal services. Spencer delivered the promissory note to Richardson no earlier than May 21, 1992.

On September 2, 1992, attorney John E. Patterson, Jr., on behalf of Spencer and Richardson, filed a petition in the District Court of Oklahoma County, Oklahoma, against Kirkpatrick and Harrison seeking payment on the promissory note. No attorney's lien was claimed on the face of the petition.

On October 20, 1992, Kirkpatrick and Harrison answered and filed a counterclaim, in which they stated they were "ready, willing and able to pay the amount due on the Note, but [were] unable to do so due to conflicting and adverse claims of [Spencer and Richardson] and the Internal Revenue Service (IRS)." Kirkpatrick and Harrison interpled the United States and asked the state district court to determine the persons to whom the amounts due under the promissory note should be disbursed. The action was removed to this Court on November 24, 1992. Attorney James W. Swank first appeared as co-counsel and attorney of record for Spencer and Richardson in this Court on December 18, 1992.

Beginning in 1982, Spencer failed to pay the federal employment taxes that were withheld from the wages of his employees. As a result, the IRS made trust fund assessments against Spencer. Assessments in the amount of $108,621.15 were made prior to the commencement of the state court action. Assessments in the amount of $44,200.16 were made forty (40) days after the state suit was filed. On November 23, 1992, the IRS filed Notices of Federal Tax Lien covering these trust fund assessments.

On April 13, 1994, this Court entered an Order, agreed to by the parties, that allowed Kirkpatrick and Harrison to pay the sum of $73,150.00, full payment under the promissory note, into the Registry of the Court and noted that upon deposit of such funds, Kirkpatrick and Harrison were discharged from further liability on the note. On April 14, 1994, Kirkpatrick and Harrison deposited in the Registry of the Court the sum of $73,150.00.

On June 22, 1994, the Court resolved the issue of Richardson's interest in the promissory note and directed the parties to submit a proposed judgment, setting forth the amounts to be distributed to the parties. On July 15, 1994, the Court executed the paper submitted by the parties. In that document, the Court recited the events occurring on April 13 and 14, 1994, ordered the sum of $3650.00 to be paid to Richardson as reasonable compensation for legal services actually provided Spencer and ordered the sum of $47,500.00, plus certain accrued interest, to be paid to the United States in partial payment of Spencer's tax liabilities.

■ Upon Spencer's failure to pay the federal tax assessments, federal tax liens arose and attached to Spencer's property and rights to property, including his interest in the promissory note. 26 U.S.C. § 6321. These federal tax liens relate back to the date the tax assessments were made—April 1992, August 1992 and October 1992.

Spencer has conceded that the funds remaining in the Registry are subject to these liens but has argued that Swank and Patterson are nevertheless entitled to a certain portion of these funds. In support of this argument, Spencer has relied on title 26, section 6323(b)(8) of the United States Code.

This section provides that a federal tax lien shall not be valid

"[w]ith respect to a judgment ..., as against an attorney who, under local law, holds a lien upon ... such judgment ..., to the extent of his reasonable compensation for obtaining such judgment...."

26 U.S.C. § 6323(b)(8).

■ Despite the government's argument to the contrary, the Court finds Spencer may assert section 6323(b)(8) on behalf of Swank and Patterson. The Court finds further this section authorizes recovery in this case.

In Oklahoma,

"[f]rom the commencement of an action, ... the attorney who represents the party in whose behalf such pleading is filed shall, to the extent hereinafter specified, have a lien upon his client's cause of action ... and same shall attach to any verdict, report, decision, finding or judgment in his client's favor; and the proceeds thereof, wherever found, shall be subject to the lien, ... provided such attorney serves upon the defendant or defendants ... in which he shall set forth the nature of the lien he claims and the extent thereof; and said lien shall take effect from and after the service of such notices...."

5 O.S. § 6.

Swank and Patterson on July 8, 1994, advised the IRS by facsimile transmission of their lien. The Order of July 15, 1994, is the document in which all remaining issues were resolved in this matter (save and except the issue of attorney's fees and costs). It is the document that was entered in this Court's judgment docket and that terminated this action in the records of the Clerk of the Court. It is therefore the "judgment" for purposes of section 6 (and section 6323(b)(8)) to which the lien claimed by Swank and Patterson attaches.

■ As stated, section 6323(b)(8) only awards superpriority to the liens of those attorneys whose efforts have contributed to the judgment and in so doing, have helped create an asset from which the government can recover delinquent taxes. By granting attorney's liens superpriority, attorneys are thus encouraged to bring (or, as in this case, continue to provide representation in) suits that ultimately may benefit the United States Treasury.

■ The fund created in this case was created through the efforts of Swank and Patterson. Thus, section 6323(b)(8) operates in this instance to render the federal tax liens inferior to the lien claimed by Swank and Patterson. However, because recovery

is limited to those efforts which contributed to creation of the fund, the award of fees in this case is limited to the time expended in collecting the amount due under the promissory note, both principal and interest.

The parties are directed to confer in good faith no later than ten (10) days from this date in an effort to agree upon the amount of attorney's fees to be awarded. If the parties are unable to reach an agreement, Spencer is directed to submit all appropriate documentation in support of the amount claimed within ten (10) days thereafter. The government shall file its response to such documentation within ten (10) days and the Court will then resolve the issue.

Accordingly, the Court

(1) DENIES the Motion for Summary Judgment filed by the United States on September 13, 1994; and

(2) GRANTS the plaintiff's Motion to Exempt Funds in Registry filed on July 18, 1994, to the extent that those funds now deposited in the Registry of the Clerk which represent the attorney's fees to be awarded by the Court to Spencer on behalf of Swank and Patterson are exempt from the federal tax liens involved in this matter.